FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2013 SEP 10 P 12: 15
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID MYRON SUIRE  \*
   Plaintiff,
v.                                     \*   CIVIL ACTION NO. JKB-13-2559

OFFICE OF PUBLIC DEFENDERS, ET AL. \*
NATALIE E. WHITTINGHAM, ESQUIRE
LATOYA BELL, ESQUIRE         \*
   Defendants.
                                     \*\*\*\*\*

## MEMORANDUM

On September 3, 2013, the court received for filing this 42 U.S.C. § 1983 complaint for injunctive relief and monetary damages. David Myron Suire ("Suire"), a pre-trial detainee housed at the Wicomico County Detention Center ("WCDC"), files suit against the Office of the Public Defender of Maryland ("OPD") and his current public defenders. Suire claims he has had three different public defenders assigned to his state court criminal case, who have spent a "total of two hours on him." He asserts that he is facing 136 years for theft and related charges.[1] ECF No. 1. He contends that he has done everything possible to request a preliminary hearing and to have counsel file motions. Suire complains that OPD staff have not come to the WCDC to see him or filed requested motions. In attached grievances filed with the Attorney Grievance Commission and requests for OPD services filed at WCDC, Suire contends that counsel saw him for 2.5 minutes and informed him of a plea offer without inquiring as to his innocence and did not file his requested motions. *Id.*

---

[1] According to the state criminal docket, Suire was charged with a variety of counts including obtaining the property of a vulnerable adult, fraud per identification theft, theft, conspiracy, forgery, and issuing false documents. *See State v. Suire*, Criminal No. 22K13000410 and *State v. Suire*, Criminal No. 22K13000411 (Cir. Ct. Wicomico County). He is currently scheduled for trial on October 1, 2013.

Because he appears indigent, plaintiff's motion to proceed in forma pauperis shall be granted. The complaint shall, however, be dismissed *sua sponte* as legally frivolous.

The jurisdictional and threshold requirements of §1983 civil actions demand that a substantial federal claim be asserted and that the named defendants act "under color of" state law. *See* 28 U.S.C. §§ 1343(a)(3) and (4); *see also West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982). Suire has voiced his dissatisfaction with the OPD of Wicomico County, Maryland. Defense counsel, whether they are court-appointed public defenders or privately-retained attorneys, do not act under color of state law when representing their clients. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). A defense attorney representing a client, whether privately retained or court-appointed, is free from state control and is not acting under color of state law. *See id.*; *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976). Therefore, regardless of whether Suire can prove that the OPD provided him with ineffective assistance of counsel should he be convicted, he can state no claim under § 1983 because he is not suing a state actor. *See Curry v. South Carolina*, 518 F.Supp.2d 661, 667 (D. S.C. 2007).

Because Suire's § 1983 complaint alleges an infringement of a constitutional right that does not exist and is premised on an "indisputably meritless legal theory," his case shall be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e).[2] He is hereby notified that he may be barred from

---

[2] 28 U.S.C. § 1915(e)(2) states that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
>   (i) is frivolous or malicious;

2

filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).³ A separate Order follows dismissing this case pursuant to 28 U.S.C. § 1915(e).

Date: Sept 9, 2013

James K. Bredar
United States District Judge

---

      (ii) fails to state a claim on which relief may be granted; or
      (iii) seeks monetary relief against a defendant who is immune from such relief.

³    28 U.S.C. § 1915(g) states as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.